UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LARRY G. LETTERMAN,

       Petitioner,

v.                                     Case No: 5:19-cv-243-Oc-34PRL

WARDEN, FCC COLEMAN – LOW,

       Respondent.
_____

## ORDER DISMISSING CASE

       Petitioner Larry Letterman, an inmate of the Federal penal system, initiated this action on May 15, 2019, by filing a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Petition; Doc. 1.) Letterman, who is scheduled to be released from federal custody on June 9, 2019, asks the Court to compel the Bureau of Prisons to credit him additional days of good time pursuant to a provision of the First Step Act of 2018.

       The First Step Act, enacted December 21, 2018, amended 18 U.S.C. § 3624(b)(1) to change the manner in which good time credits are calculated by increasing the maximum allowable days from 47 to 54 per year. Section 102 of the First Step Act is titled "Implementation of System and Recommendations by Bureau of Prisons."  Public Law 115-391 (2018). The law requires the U.S. Attorney General to complete a "risk and needs assessment system" by July 19, 2019. Section 101(a). The portion of the new law increasing the potential good time credits from 47 to 54 also states that "[t]he amendments made by this subsection shall take effect beginning on the date that the Attorney General completes and releases the risk and needs assessment system . . ."  Section 102(b)(2).

       Letterman notes that he previously filed a petition for writ of habeas corpus on this

same issue that was dismissed. Petition at 2. However, he maintains that the dismissal was in error because the federal bureau of prison's failure to promptly implement the amendment to 18 U.S.C. § 3624(b)(1) violates his equal protection and due process rights because the Act did not provide a specific effective date for the changes in 18 U.S.C. § 3624(b)(1). Id. at 2-4. The Court disagrees. The plain language of the statute makes clear that the change in good time calculation will not take effect until the Attorney General has acted, which is expected to be no later than July 19, 2019. See, e.g., Schmutzler v. Quintana, 2019 WL 727794 (E.D. Ky. Feb. 20, 2019) (dismissing identical First Step Act claim by a federal § 2241 petitioner).

Thus, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (directing sua sponte dismissal if the petition and records show that the moving party is not entitled to relief), this case is due to be dismissed without prejudice.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1)      This case is **DISMISSED WITHOUT PREJUDICE**.

2)      The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** in chambers, this 22nd day of May, 2019.

MARCIA MORALES HOWARD
United States District Judge

Copies to: Larry Letterman #65000-018

2